UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| WILLIE D. BELL, | Case No. 05-34046 (LMW) |
| Debtor | November 14, 2005 |

| | |
|---|---|
| HOUSING AUTHORITY OF THE CITY OF NEW HAVEN | ADVERSARY PROCEEDING |
| PLAINTIFF | |
| V. | |
| WILLIE D. BELL | |
| DEFENDANT | NOVEMBER 14, 2005 |

## COMPLAINT OBJECTING TO DISCHARGE

**TO THE CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF CONNECTICUT:**

1. At all times herein relevant, the Housing Authority of the City of New Haven ("Plaintiff") was a public body corporate and politic organized and existing pursuant to Chapter 128 of the laws of the State of Connecticut. Plaintiff is an unsecured creditor of debtor Willie D. Bell ("Bell").

2. At all times herein relevant, Bell was an individual residing in the city of New Haven, State of Connecticut, within the District of Connecticut.

3. On August 12, 2005 Bell filed his voluntary petition under chapter 7 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Connecticut.

4.  The United States Bankruptcy Court for the District of Connecticut has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1334(b) because Bell's bankruptcy case is pending in the District of Connecticut and because this action is a proceeding arising in a case under title 11.

5.  The United States Bankruptcy Court for the District of Connecticut possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 157(a) because all proceedings arising under title 11 of the United States Code or arising in or related to a case under title 11 have been referred to the bankruptcy judges of this district by the United States District Court for the District of Connecticut.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), (J) and is brought pursuant to 11 U.S.C. §§ 523 and 727 and Bankruptcy Rules 4007 and 7001 because it is an action in and related to Bell's pending bankruptcy case seeking to determine Bell's right to a discharge.

6.  The United States Bankruptcy Court for the District of Connecticut has personal jurisdiction over Bell because Bell resides within the District of Connecticut.

7.  Venue of this proceeding is proper in the United States Bankruptcy Court for the District of Connecticut pursuant to 28 U.S.C. § 1409(a) because it arises in and is related to Bell's pending case under title 11.

## CLAIM FOR RELIEF
### (Obtaining Property and Services Under False Pretenses)
### 11 U.S.C. § 523(a)(2)(B)

1.-7.  Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 7, inclusive of this complaint and incorporates them herein by reference as though set forth in full.

8.  On or about May 25, 1998, the Authority entered into a lease with Bell for premises located at 358 Orange Street, Apartment 508, New Haven, Connecticut (hereinafter the "Premises"), which lease was renewed on an annual basis.

9.  Bell applied for rental assistance for said lease pursuant to 42 U.S.C. § 1437a et seq., and agreed to pay the Authority the following monthly rental for use and occupancy of the Premises: 30 percent of his adjusted monthly income or 10 percent of his gross monthly income, whichever amount is higher.

10.  In his yearly application for rental assistance Bell underrepresented his annual income and financial condition.

11.  As a result of said application, Bell received and accepted a reduced cost for housing from the Authority for the Premises, where the authority reasonable relied on Bell's representations.

12.  As a result of Bell's misrepresentation regarding his annual income for the period of June 1, 2000 through May 31, 2004, the Bell



## CLAIM FOR RELIEF

### (Obtaining Property and Services Under False Pretenses)

### 11 U.S.C. § 523(a)(2)(B)

1.-7. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 7, inclusive of this complaint and incorporates them herein by reference as though set forth in full.

8. On or about May 25, 1998, the Authority entered into a lease with Bell for premises located at 358 Orange Street, Apartment 508, New Haven, Connecticut (hereinafter the "Premises"), which lease was renewed on an annual basis.

9. Bell applied for rental assistance for said lease pursuant to 42 U.S.C. § 1437a et seq., and agreed to pay the Authority the following monthly rental for use and occupancy of the Premises: 30 percent of his adjusted monthly income or 10 percent of his gross monthly income, whichever amount is higher.

10. In his yearly application for rental assistance Bell underrepresented his annual income and financial condition.

11. As a result of said application, Bell received and accepted a reduced cost for housing from the Authority for the Premises, where the authority reasonable relied on Bell's representations.

12. As a result of Bell's misrepresentation regarding his annual income for the period of June 1, 2000 through May 31, 2004, the Bell underpaid rent to the Authority in the amount of $34,884.00.

13. As a direct and proximate result of Bell's fraudulent representations, the Authority has suffered damages.

14.   As a direct and proximate result of the foregoing, Plaintiff is entitled to the entry of an order denying Bell's discharge.

WHEREFORE, Plaintiff Housing Authority of the City of New Haven prays for relief on each of the foregoing claims for relief as follows:

1.   For judgment denying Bell a discharge pursuant to 11 U.S.C. § 523;

2.   For costs of suit incurred herein; and

3.   For such other and further relief as is proper.

DATED:   November 14, 2005           Housing Authority of the
                                     City of New Haven


_____
Richard M. Haskell, Esquire
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, Connecticut 06460
(203) 783-1200
Fed. Bar No. CT-23963

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent on this date by first-class mail, postage pre-paid, to the following:

Peter Ressler, Esq.
Groob, Ressler & Mulqueen, P.C.
123 York Street
New Haven, CT 06511
(Debtor's Attorney)

Roberta Napolitano
350 Fairfield Avenue
Bridgeport, CT 06601
(Chapter 7 Trustee)

Office of the U.S. Trustee
One Century Tower
265 Church Street
Suite 1103
New Haven, CT 06510

_____
Richard M. Haskell